United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-16-005 |
| | § | |
| MIGUEL JIMENEZ, JR. | § | |

## ORDER OF DETENTION PENDING TRIAL

On May 11, 2016, this Court conducted a hearing on the Government's Motion to Detain **Miguel Jimenez, Jr.**, the named Defendant in the above-styled and numbered cause. The Government offered the testimony of Dewayne Lewis, Special Agent with the Office of Homeland Security. The Defendant proffered evidence of his family's support. The Court also made the Pretrial Services report, which had recommended detention, a part of the record for purposes of the detention hearing only. Having now considered the evidence, the initial recommendation of the Pretrial Services Agency, and the arguments of counsel, this Court issues the following findings of fact and conclusions of law:

1. That pursuant to the indictment there is probable cause to believe that **Jimenez** has committed the alleged violations;

2. That by virtue of the foregoing finding a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person in the community was created in favor of **Jimenez's** detention, 18 U.S.C. § 3142(e);

3. That the strength of the government's case is substantial given, *inter alia*, the large amount of child pornography and the numerous sexual communications with minor

females found on **Jimenez's** cell phone seized by the government at the time of the execution of a search warrant by federal agents on March 2, 2016, at his parent's residence where **Jimenez** was living and again on the cell phone seized from **Jimenez** at the time of his arrest on May 6, 2016; that soon after the execution of the search warrant **Jimenez** procured a new cell phone and resumed his criminal activities even though he knew, or should have known, that his arrest by federal agents was very likely in the near future; the depictions from his cell phone of a minor engaged in sexually explicit conduct **Jimenez** enticed her to perform; and his distribution of nude images of a minor female in retaliation for her refusal to continue have contact with him;

4. That **Jimenez**'s proffer that he posed little risk of flight offered no evidence to suggest to this Court that he would not continue, or at the very least try to continue, his criminal activities if released;

5. That no evidence offered by **Jimenz** rebuts the presumption for detention as a danger to the community if he were to be released;

6. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Jimenez** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Miguel Jimenez, Jr.** be, and he is hereby, committed to the custody of the Attorney General or his designated representative for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the **Miguel Jimenez, Jr.** shall be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall deliver the **Miguel Jimenez, Jr.** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas, this _____13th_____ day of May, 2016.

_____
John R. Froeschner
United States Magistrate Judge